

# Fourth Court of Appeals
## San Antonio, Texas

June 17, 2015

No. 04-15-00212-CV

**IN THE INTEREST OF R.K.H., A CHILD,**

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01466
Honorable Janet P. Littlejohn, Judge Presiding

# O R D E R

This is an accelerated appeal. The clerk's record has been filed. It reflects that on June 21, 2012, the Texas Department of Family and Protective Services filed a petition for protection of a child, for conservatorship, and for termination in a suit affecting the parent-child relationship. On November 17, 2014, Associate Judge Garcia held a trial on the Department's petition. Associate Judge Garcia signed an order that terminated the father's parental rights but declined to terminate the mother's parental rights. The order appointed the Department as managing conservator and the mother as possessory conservator. On November 20, 2014, the Department requested a de novo hearing before the district court.

On December 10, 2014, Judge Littlejohn (who has since retired) held a bench trial. The reporter's record reflects that at the end of the trial, she stated, "The Court finds that it's in the best interest of R.K.H. that the parental rights between her and her mother be terminated. If you'll prepare the order, Ms. January [the Department's counsel]." The reporter's record also reflects that on December 15, 2015, Judge Littlejohn called the parties back to her courtroom and stated that she had changed her mind over the weekend: "[W]hile I agree with the opinions of the psychologist and the worker for CPS, the Court is going to change its ruling because the Court finds that there is not clear and convincing evidence, that there is only a preponderance of the evidence that the mother's rights should be terminated." Judge Littlejohn continued, "Therefore, the Court sets up her as managing conservator through the Department and possessory rights to the mother to begin reunification." Judge Littlejohn then stated, "Thank you very much. I need an order." Although Judge Littlejohn requested that the parties prepare an order, evidently no one prepared such an order as the clerk's record does not contain one. The only indication of Judge Littlejohn's ruling in the clerk's record is in the "Judge's Notes," where Judge Littlejohn wrote "12/15/14 Prior order rescinded; Dept. apt MC & M possessory conservator. JML." These notes, however, do not constitute an order from which one could appeal.

On April 9, 2015, Gerald Uretsky, the child's ad litem attorney, filed a notice of appeal stating that the child intends to appeal from the trial court's order denying the Department's petition to terminate the mother's parental rights. On April 9, 2015, Uretsky also filed, on behalf of the child, a request for findings of fact and conclusions of law.

The clerk's record does not indicate that the district judge ever signed an order after the bench trial. **Despite the bench trial occurring six months ago**, it appears that no order has ever been signed in this case. Thus, it also appears that we lack jurisdiction over this appeal. We ORDER appellant to show cause in writing by **July 2, 2015** why this appeal should not be dismissed for lack of jurisdiction. We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of June, 2015.

_____
Keith E. Hottle
Clerk of Court